**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 02-10127
Summary Calendar

LEO JACKSON,

Plaintiff-Appellant,

versus

SCURRY COUNTY SHERIFF'S DEPARTMENT;
DELWYN DAVIS, Administrator, Scurry County
Sheriff's Department; LES THOMAS, Jailer,
Scurry County Sheriff's Department;
TOBY ZOLMAN, Jailor, Scurry County Sheriff's
Department,

Defendants-Appellees.

--------------------------------------------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:01-CV-70-BG
--------------------------------------------------------
September 9, 2002

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Leo Jackson, Texas prisoner #1022858, appeals the dismissal of his pro se, in forma

pauperis (IFP) 42 U.S.C. § 1983 complaint as frivolous. In his complaint, Jackson averred that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the defendants were deliberately indifferent to his serious medicals needs. He alleged that the defendants failed to give him his diabetic medication for seven days.

The district court did not abuse its discretion in dismissing Jackson's complaint as frivolous. Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997). Even if Jackson was not administered all of his medication, as he contends was the case, such an omission would amount to mere negligence rather than deliberate indifference. Unsuccessful medical treatment, negligence, neglect, and medical malpractice are insufficient to give rise to a constitutional violation. See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

The affirmance of the district court's dismissal as frivolous counts as one strike for the purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996). Jackson is warned that if he accumulates three strikes, he may not proceed IFP in any civil action or appeal while he is incarcerated or detained in any facility unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

AFFIRMED; 28 U.S.C. § 1915(g) WARNING ISSUED.